# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRYON K. CHAMP, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 3:18-CV-01986-SMY |
| CHESTER LICENSE FACILITY, *and their agents and Administrative employee,* SHIRLEY FORCUM, *and her agents,* WAYNE WOMAC, *Forensic Coordinator,* CARRIE MORRIS, *Old Therapist,* CHERYL SIMMON, *Property Coordinator,* RHIANNA DRAPER, *New Therapist,* NAGESWARARAO VALLABHANNI, M.D., *Physician,* | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Bryon Champ, a pretrial detainee, brings this *pro se* action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges he was found unfit to stand trial and transferred to Chester Mental Health Facility ("Chester") in retaliation for exercising his First Amendment rights. He further alleges that while at Chester, he was denied his right of access to the courts in violation of the Fourteenth Amendment. Plaintiff seeks monetary damages and injunctive relief.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen prisoner complaints to

---

[1] A pretrial detainee who has been found unfit to stand trial is a "prisoner" within the meaning of the Prison Litigation Reform Act (PLRA). *Kalinowski v. Bond,* 358 F.3d 978, 978–79 (7th Cir.2004) ("Pretrial detainees are 'prisoners'

filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in the Complaint: Plaintiff was a pretrial detainee being held in the Winnebago County Jail. During criminal proceedings (which appear to be ongoing),[2] Plaintiff presented "exculpatory proof" and "legal issues not produced by his attorney." Judge Randy Wilt, Attorney Patrick E. Braun, State's Attorney Joseph Carder, and Robert Meyer, Ph.D.[3] retaliated against Plaintiff for presenting this evidence by colluding to find him unfit to stand trial, resulting in his transfer to Chester. Plaintiff was detained at Chester from April 5, 2018 to August 29, 2018, at which time he was returned to Winnebago County Jail.

While detained at Chester, unit director Shirley Forcum, therapist Carrie Morris, and Dr. Vallabhanni denied Plaintiff access to legal resources and materials, prohibited him from performing legal work, and denied him copies of cases he requested. As a result, Plaintiff was

---

for purposes of the PLRA because they are in custody while 'accused of ... violations of criminal law.'" (quoting 28 U.S.C. § 1915(h)).

[2] Circuit Court records for Winnebago County, Illinois reveal that Plaintiff has criminal proceedings currently pending in Case Nos. 2017-CF-1240, 2015-CM-656, and 2015-CM-1372. Plaintiff's next court appearance in connection with these proceedings is set for March 13, 2019. The Court may take judicial notice of these proceedings. *Bova v. U.S. Bank, N.A.*, 446 F.Supp.2d 926, 930 n. 2 (S.D. Ill. 2006).

[3] Although the body of the Complaint directs claims against Wilt, Braun, Carder, and Meyer, none of these individuals are identified as defendants in the case caption or list of defendants.

unable to file an amended complaint in one of his lawsuits, resulting in a dismissal with prejudice. Morris also failed to make arrangements for Plaintiff to attend a court hearing.

Property coordinator Cheryl Simmon interfered with Plaintiff's incoming legal mail. On one occasion, his legal mail appeared to have been opened and then re-sealed with tape. Plaintiff states that he has the right to have his legal mail opened in front of him (it is unclear whether he is claiming interference with his legal mail on other occasions).

## **Preliminary Dismissals**

### *Improper Defendants*

Plaintiff has identified "Chester License Facility and their agents" and "Administrative Employee Shirley Forcum and her agents" as defendants. However, Plaintiff cannot maintain his suit against Chester License Facility (presumably Chester Mental Health Facility) because it is a division of a state governmental agency and is not a "person" subject to suit under section 1983.

Additionally, Chester License Facility's "agents" and Shirly Forcum's "agents" are not proper defendants. Plaintiff must identify an individual (not block groups of individuals) who deprived him of his constitutional rights. A plaintiff is required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Twombly*, 550 U.S. at 555; Fed. R. Civ. P. 8(a)(2). Where a plaintiff has not included a specific defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Accordingly, "Chester License Facility and their agents" will be dismissed from the action with prejudice. Shirley Forcum's "agents" will also be dismissed from the action with prejudice. Shirley Forcum, is an

appropriate defendant, and the Court will separately evaluate whether Plaintiff has stated a claim as to this individual.

### *Individuals not Properly Identified as Defendants*

In the body of the Complaint, Plaintiff asserts that Judge Randy Wilt, Attorney Patrick E. Braun, State's Attorney Joseph Carder, and Dr. Robert Meyer violated his civil rights in connection with ongoing criminal proceedings. However, these individuals are not identified as defendants in the case caption or list of defendants. This Court will not treat parties not listed in the caption as defendants, and any claims against them are considered dismissed without prejudice. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (to be properly considered a party a defendant must be "specif[ied] in the caption").[4]

### *Generic Allegations as to Womac and Draper*

Plaintiff lists Wayne Womac and Rhianna Draper as Defendants in the case caption but fails to allege they engaged in any specific conduct that deprived him of his constitutional rights. Instead, Plaintiff pleads in conclusory fashion that these individuals, among others, are responsible for violating his constitutional rights. (Doc. 1, p. 25) (listing all defendants who allegedly violated

---

[4] Even if Plaintiff had included these individuals in the case caption or list of defendants, his claims against them would be problematic. First, several of the individuals are immune from suit or are not state actors. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that "a public defender does not act under color of state law [for purposes of liability under § 1983] when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976) (prosecutor has absolute immunity for activities that are "intimately associated with the judicial phase of the criminal process"); *Mireles v. Waco*, 502 U.S. 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (discussing judicial immunity). Second, the claims against these individuals do not appear to be properly joined with the claims pertaining to civil rights violations that allegedly occurred when Plaintiff was at Chester. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("multiple claims against a single party are fine but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits…."); Fed.R.Civ.P. 18 and 20. Third, the alleged interference with Plaintiff's ongoing criminal proceedings implicates the *Younger* abstention doctrine. *See SKS & Associates, Inc. v. Dart*, 619 F.3d 674, 678-80 (7th Cir. 2010) ("[t]he *Younger* doctrine requires federal courts to abstain from taking jurisdiction over federal constitutional claims that seek to interfere with or interrupt ongoing state proceedings").

his rights).[5] Such generic allegations are insufficient to state a claim under Section 1983. *See Twombly*, 550 U.S. at 555 (must associate specific defendants with specific claims, so defendants are put on notice). Accordingly, Womac and Draper will be dismissed without prejudice.

## **Designation of Counts**

Based on the allegations of the Complaint, the Court finds it convenient to designate the following Counts in this *pro se* action. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these Counts does not constitute an opinion regarding their merit.

> **Count 1:** Fourteenth Amendment access to the courts claim against Forcum, Morris, and Vallabhanni based upon a missed court appearance, the denial of access to legal materials, and prohibiting "legal work" resulting in a dismissal with prejudice for failure to file an amended complaint in one of Plaintiff's lawsuits.
>
> **Count 2:** Fourteenth Amendment access to the courts claim against Simmon for interfering with Plaintiff's legal mail.

## **Discussion**

### **Count 1 – Access to Courts**

The right to access the courts is violated when a prisoner is deprived of such access and suffers actual injury as a result. *Lewis v. Casey*, 518 U.S. 343, 350 (1996). To state a claim, a plaintiff must explain "the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (internal quotation and citation omitted).

Plaintiff alleges he missed a court appearance, was denied access to legal materials, and was prohibited from "legal work" resulting in a dismissal with prejudice for failure to file an

---

[5] Plaintiff also alleges that he wrote to Defendant Womac on a single occasion regarding a lawsuit and a court date. (Doc. 1, p. 16). However, the fact that Plaintiff wrote to Womac, standing alone, states no claim.

amended complaint in one of his lawsuits. These allegations are sufficient to allow Count 1 to proceed against Forcum, Morris, and Dr. Vallabhanni.

## Count 2 – Interference with Legal Mail

Prisoners have protected First Amendment interests in both sending and receiving mail. *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). An inmate's legal mail is entitled to even greater protections because of the potential for interference with the Fourteenth Amendment right of access to the courts. *Guajardo–Palma v. Martinson,* 622 F.3d 801, 802 (7th Cir. 2010). Because a confidential communication with a lawyer is aimed to win a case rather than to enrich the marketplace of ideas, it is "more straightforward" to approach an interference with legal mail claim via an inmate's Fourteenth Amendment right of access to the courts rather than his First Amendment right. *Id*. at 802-03.

"[W]hen a prison receives a letter for an inmate that is marked with an attorney's name and a warning that the letter is legal mail, officials potentially violate the inmate's rights if they open the letter outside of the inmate's presence." *Kaufman v. McCaughtry*, 419 F.3d 678, 686 (7th Cir. 2005) (citing *Wolf v. McDonnell*, 418 U.S. 539, 577 (1974)). An inmate's claim of ongoing interference with his legal mail may state a claim. *Castillo v. Cook County Mail Room Dept.*, 990 F.2d 304 (7th Cir. 1993). However, isolated incidents of interference with legal mail are generally insufficient to maintain a claim. *Guarjardo-Palma*, 622 F.3d at 805-06.

A claim for interference with court access requires "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994). While it is unclear whether Plaintiff is claiming ongoing interference with his legal mail, the Complaint does not allege any harm as a result of ongoing interference with his legal mail or from

the opening of his legal mail on one occasion. Accordingly, the claim in Count 2 against Simmon will be dismissed without prejudice.

### Class Action

Plaintiff purports to bring this lawsuit as a class action. (Doc. 1, pp. 3, 4, 28, 29). To the extent that Plaintiff is seeking class treatment and certification, the request is denied. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding it would be plain error to permit imprisoned *pro se* litigant to represent his fellow inmates in a class action). The Federal Rules permit class actions to be maintained only if the class representative "will fairly and adequately protect the interests of the class," Fed. R. Civ. P. 23(a)(4), and "[e]very court that has considered the issue has held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action." *Lee v. Gardinez*, No. 11-cv-570-GPM, 2012 WL 143612, at *1 n.1 (S.D. Ill., Jan. 18, 2012) (quoting *Craig v. Cohn*, 80 F. Supp. 2d 944, 946 (N.D. Ind. 2000) (internal citations and quotation marks omitted)).

### Disposition

**IT IS HEREBY ORDERED** that Defendant **CHESTER LICENSE FACILITY AND THEIR AGENTS** is **DISMISSED** with prejudice. The Clerk of the Court is **DIRECTED** to terminate **CHESTER LICENSE FACILITY AND THEIR AGENTS** as a party in the Court's Case Management/Electronic Case Filing ("CM/ECF") system.

**IT IS FURTHER ORDERED** that Defendant **ADMINISTRATIVE EMPLOYEE SHIRLEY FORCUM AND HER AGENTS** is **DISMISSED** with prejudice (to the extent that Plaintiff has named Shirley Forcum's "agents" as a defendant). The Clerk of the Court is **DIRECTED** to terminate **ADMINISTRATIVE EMPLOYEE SHIRLEY FORCUM AND HER AGENTS** as a party in CM/ECF. Further, the Clerk of the Court is **DIRECTED** to **ADD**

**SHIRLEY FORCUM** as a defendant in CM/ECF.

**IT IS FURTHER ORDERED** that **WOMAC** and **DRAPER** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. The Clerk of the Court is **DIRECTED** to terminate **WOMAC** and **DRAPER** as defendants in CM/ECF.

**IT IS FURTHER ORDERED** that **COUNT 1** shall receive further review as to **FORCUM, MORRIS,** and **VALLABHANNI**.

**IT IS FURTHER ORDERED** that **COUNT 2** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. In connection with this dismissal, the Clerk of the Court is **DIRECTED** to terminate **SIMMON** as a defendant in CM/ECF.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for **FORCUM**, **MORRIS**, and **VALLABHANNI**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service Defendant, and the Court will require him to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, that Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or

disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 30, 2019**

s/ STACI M. YANDLE
**STACI M. YANDLE**
**United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate Defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, Defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive Defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all Defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**