IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRYON K. CHAMP,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 3:18-CV-1986-MAB |
| | ) |
| **CHESTER LICENSE FACILITY, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

On September 19, 2023, the Court granted summary judgment to Defendants Shirley Forcum, Carri Morris and Nageswararao Vallabhaneni, denied Plaintiff Bryon Champ's motion for judgment as a matter of law, entered judgment, and closed this case on the Court's docket (Docs. 187, 188). One day later, on September 20, 2023, Plaintiff filed a response in opposition to Defendants' motions for summary judgment (Doc. 189). Plaintiff then filed a motion to reconsider on September 21, 2023 (Doc. 190). Plaintiff has since filed three additional motions to reconsider on September 28, September 29, and October 19, 2023 (Docs. 191; 192; 193). Plaintiff's four motions to reconsider are presently before the Court.

Because the motions were filed after judgment was entered in this case, they can be treated either as motions to alter or amend judgment under Rule 59(e) or as motions to vacate judgment under Rule 60(b). "Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error

of law or fact." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). "Vacating a judgment under Rule 60(b) is permissible for a variety of reasons including mistake, excusable neglect, newly discovered evidence, and fraud." *Id.* (citing FED. R. CIV. P. 60(b)). Plaintiff's motions, however, do not advance any ground for relief under either Rule.

Significantly, as it relates to this case, all four of Plaintiff's motions come down to one key argument: that Plaintiff believed his response in opposition was not due until September 21, 2023.[1] Consequently, Plaintiff claims that the Court's actions were prejudicial and deprived him of his right to access the courts (*see, e.g.*, Doc. 191 at pp. 1-4). For the following reasons, the Court rejects Plaintiff's arguments and DENIES his motions for reconsideration.

Plaintiff's entire argument is premised upon his claim that he had until September 21, 2023, to respond to Defendants' motions for summary judgment. This is not correct. Plaintiff was initially tasked with responding to the motions by August 25, 2023 (*see* Doc. 178). However, by text Order dated August 22, 2023, the Court granted Plaintiff a "brief extension" and stated his response(s) were due by September 1, 2023 (Doc. 182). Critically, Plaintiff's motions do not even acknowledge the Court's text Order from that date. Admittedly, however, it appears a docket clerk at the Court made a minor clerical

---

[1] Plaintiff's first motion to reconsider also raises several other claims such as his inability to contact his former court-appointed counsel to discuss pending matters in this case and the Court's withdrawal of money from his trust fund account for filing fees (*see generally* Doc. 190). However, the Court has already denied these exact arguments in prior orders for the reasons provided therein (*see* Doc. 185 (denying motion to end withdrawal of funds and explaining that inmates proceeding *in forma pauperis* are required to pay a percentage of their monthly income for each case they file)); Doc. 186 (denying motion for assistance and explaining that the Court will not require Plaintiff's former court-appointed counsel to contact him to provide assistance)). Consequently, the Court will not re-entertain these duplicative arguments.

error by erroneously listing the deadline for Plaintiff's response as September 21, 2023, on CM/ECF. However, the docket clerk corrected the error the very next morning before 9:00 a.m. (*see* Docket Entry dated 8/23/2023, found between Docs. 182 & 183). Significantly, "[w]here a docket entry diverges from the text of an order, the docket clerk has made a clerical error, and the text of the judge's order controls." *Emamian v. Rockefeller Univ.*, 2023 WL 4493498, at *10 (S.D.N.Y. July 11, 2023). Therefore, even if the Court had not immediately corrected its clerical error (which it did), Plaintiff was still expected to follow the text of the undersigned's Order at Doc. 182, not the unnumbered deadline entry created by the docket clerk. *Id.*

Additionally, Plaintiff fails to acknowledge that the Court entered a second docket entry less than 24 hours later that corrected the clerical error and listed the correct deadline of September 1, 2023. This is significant for two reasons. First, it shows that at most, there was less than one day wherein Plaintiff could have conceivably believed that he had until September 21, 2023. Thus, even if Plaintiff put off conducting any work during this time period, it would have only justified his filing being one day late, not twenty. Second, it demonstrates that Plaintiff chose to focus upon the date most convenient for him rather than the date prescribed in the Court's text Order (Doc. 182) and set in the Court's most recent electronic deadline entry on CM/ECF. Pertinently, Plaintiff has not argued in any of the instant motions that he did not receive either the Court's Order dated August 22, 2023 (Doc. 182), or the docket clerk's electronic deadline entry dated August 23, 2023. Without raising a credible assertion that he did not receive

both entries containing the correct date, Plaintiff is unable to establish prejudice sufficient to justify granting his motion to reconsider.

Nonetheless, in the interests of fairness, the Court has also *sua sponte* reviewed and considered the arguments raised in Plaintiff's response in opposition filed on September 20, 2023 (Doc. 189). Plaintiff's response asserts that: (1) Carri Morris, his social worker, knew of his ongoing legal proceedings and was responsible for coordinating court dates and assisting him with his legal filings (Doc. 189 at pp. 1-2); (2) Shirley Forcum, Chester's unit director, knew of his ongoing legal proceedings and failed to respond to his grievances and provide him with adequate materials, facilities, and his legal files (*Id.* at pp. 2-3); (3) Dr. Nageswararao Vallabhaneni, Plaintiff's psychiatrist at Chester, played a role in restricting his access to his legal filings and preventing him from attending court proceedings (*Id.* at pp. 3-4).[2] Notably, none of Plaintiff's arguments persuade the Court to change its position.

In relation to Morris, regardless of what Plaintiff's subjective beliefs are as to the role of a social worker at a mental health facility, the Court cannot conclude that it is the role of a social worker to help a patient in all aspects of every civil lawsuit he has chosen to file *pro se*. Therefore, Plaintiff's repeated assertions do not alter the Court's holding that Morris was not responsible for obtaining a writ for Plaintiff (*See* Doc. 187 at p. 11). If anything, Morris appears to have provided more assistance to Plaintiff than could

---

[2] Plaintiff also raises allegations regarding Defendants' actions in cutting off the water to his toilet (Doc. 189 at pp. 4-5). However, those claims relate to a different proceeding brought by Plaintiff and are irrelevant to the current matter.

reasonably be expected, as she even contacted the state court to inform them of Plaintiff's situation and his inability to appear without a writ (*Id.* at p. 12). Additionally, in relation to Plaintiff's federal lawsuit that was dismissed without prejudice prior to his arrival at Chester, Plaintiff has failed to demonstrate how any of Morris's actions (or inactions) prejudiced him when he was already in possession of everything he needed to file an amended complaint (*Id.* at p. 13). Moreover, none of Plaintiff's arguments even attempt to demonstrate that Plaintiff's two lawsuits were nonfrivolous (*Id.* at pp. 12-13).

Plaintiff's arguments as to Forcum are equally unavailing (*see* Doc. 189 at pp. 2-3). In addition to failing to demonstrate that his underlying lawsuits were nonfrivolous, Plaintiff has not explained what actions taken by Forcum resulted in the dismissal of either his state court or federal lawsuits. Plaintiff has not alleged that Forcum was responsible for ensuring he obtained a writ to appear at his state court proceedings.[3] At most, Plaintiff challenges restrictions allegedly imposed by Forcum that limited his ability to access legal materials. However, as the Court explained, Plaintiff was already in possession of everything he needed to file an amended complaint in his federal lawsuit (Doc. 187 at pp. 12-13). Therefore, any restrictions imposed upon Plaintiff would not have impacted his ability to timely file an amended complaint because he was already in possession of everything he needed.

---

[3] And even if Plaintiff had made this allegation, it would be unavailing for the same reasons as with Morris. Put simply, without providing any evidentiary support, there is no duty that requires a mental health care professional to physically petition for a writ on behalf of a patient who has voluntarily chosen to file a civil lawsuit and represent himself.

Plaintiff's barebones allegations against Vallabhaneni fail for similar reasons. While Plaintiff claims Vallabhaneni was responsible for arranging for him to appear at his state court proceeding, Plaintiff has provided no evidence or legal authority to support this conclusion. Just as the Court is unwilling to find a social worker responsible for petitioning for and obtaining a writ on behalf of a patient who has filed a civil suit *pro se*, the Court finds it equally inappropriate to place such a burden upon a mental health patient's psychiatrist. Additionally, even if Plaintiff's unsupported allegations that Vallabhaneni denied him access to legal materials were true, this does not alter the fact that Plaintiff could have filed an amended complaint based solely upon the documents in his possession from when the federal court dismissed his complaint without prejudice and his own personal knowledge (Doc. 187 at p. 13).

Plaintiff's motions to reconsider are **DENIED** for the reasons discussed above (Docs. 190, 191, 192, 193). Furthermore, the Court has *sua sponte* considered the arguments raised in Plaintiff's response in opposition and finds them to be duplicative of the arguments he has previously raised, which have been thoroughly addressed and rejected in the Court's previous Orders (*see* Docs. 178, 187), and this Order.

## CONCLUSION

Plaintiff's motions to reconsider (Docs. 190, 191, 192, 193) are **DENIED**.

**IT IS SO ORDERED.**

**DATED:  October 24, 2023**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**